Filed 5/27/14  P.v. Lopez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK PEREZ LOPEZ,<br><br>    Defendant and Appellant. | H040081<br>(Santa Clara County<br>Super. Ct. No. C1225016) |

Defendant Frank Perez Lopez entered a plea of no contest to four counts of second degree burglary (Pen. Code, §§ 459-460, subd. (b)),[1] and he admitted that he had suffered one prior serious or violent felony conviction, i.e., a strike (§§ 667, subd. (b), 1170.12, subd. (c)(1)).  Defendant thereafter brought a motion requesting that the court exercise its discretion to dismiss the prior strike allegation in accordance with *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), which was opposed by the People.  The court denied the *Romero* motion, and sentenced defendant to a prison term of six years, eight months.

Defendant argues on appeal that the denial of his *Romero* motion constituted an abuse of discretion because the court failed to give adequate consideration to his

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

circumstances, including the remoteness of the strike offense, his long-standing issues with mental illness and drug abuse, and the fact that his more recent behavior has indicated a decrease in the seriousness of his criminality.

We conclude that the court did not abuse its discretion in denying the *Romero* motion. We will therefore affirm the judgment.

## FACTS[2]

On January 29, 2012, San José Police officers were dispatched to Fry's Electronics to investigate a reported theft. Store security had called the police, and when they arrived, one security officer was following defendant. The police officers observed defendant walking, made contact with him, and took him into custody. While being handcuffed, defendant said spontaneously, " 'Yeah, these are from Fry's' and when asked if he had a weapon, he responded, 'Yeah, I have a knife in my pocket and that's what I used to cut open boxes.' "

Store security officers positively identified defendant as having been involved in the store theft. They indicated that they had been on the lookout for defendant because he had committed three other thefts at Fry's earlier that month on January 5, 11, and 14.

## THE PRIOR STRIKE[3]

Defendant was convicted previously of one violent or serious felony. On January 31, 2006, defendant was convicted of arson involving an inhabited building (§ 451, subd. (b)), a violent or serious felony (strike) within the meaning of section 1170.12, subdivision (c)(1), and was sentenced to six years in prison for the offense.[4]

---

[2] Our summary of the facts is taken from the probation report.

[3] Our summary of the strike prior is taken from the probation report.

[4] Defendant was also convicted at that time of two other felonies and received sentences as follows: a consecutive prison sentence of 16 months for evasion of a peace officer while driving recklessly (Veh. Code, § 2800.2), and a consecutive term of probation of 32 months for first degree burglary (§ 460, subd. (a)).

## PROCEDURAL BACKGROUND

Defendant was charged by information filed on February 21, 2013, with four felonies, namely, four counts of second degree burglary (§§ 459-460, subd. (b)). It was alleged that defendant had suffered a prior serious and/or violent felony conviction within the meaning of section 667, subdivisions (b) through (i) and section 1170.12, subdivision (c)(1), namely, arson (§ 45, subd. (b)).

On April 8, 2013, defendant entered a conditional plea of no contest to the four counts of second degree burglary and admitted the prior strike allegation. The plea was entered with the understanding that defendant (1) would be filing a *Romero* motion to request that the court exercise its discretion to dismiss the prior strike allegation, and (2) would receive a maximum sentence of six years, eight months in prison. Before accepting the plea, the court apprised defendant fully of the rights he was giving up as a result of his no contest plea and concerning the consequences of that plea, confirming that defendant had freely and voluntarily signed a waiver of rights form in connection with the conditional plea. Counsel stipulated that there was a factual basis for the plea.

Defendant thereafter filed a motion to have the court exercise its discretion to strike the prior strike allegation, in accordance with *Romero*, *supra*, 13 Cal.4th 497. The People opposed defendant's *Romero* motion. After hearing argument on August 9, 2013, the court denied defendant's motion. It then imposed a prison sentence of 32 months for the count 1 conviction (the lower term of 16 months, doubled due to the prior strike), and consecutive sentences of 16 months for each of the remaining three counts (one-third of the mid term [two years], doubled due to the prior strike), for a total prison term of six years, eight months. Defendant filed a timely notice of appeal based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea.

3

DISCUSSION

I.     *Denial of* Romero *Motion*

     A.     *Applicable Law*

The Supreme Court held in *Romero* that the trial court, on its own motion, is empowered under section 1385, subdivision (a) to dismiss or strike prior felony conviction allegations in cases that are brought under the law known as the "Three Strikes" law. (*Romero*, *supra*, 13 Cal.4th at pp. 529-530.) The court's discretion, however, is limited to instances in which dismissing such strikes is in the furtherance of justice, as determined by giving " ' "consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People . . . .*" ' " (*Id.* at p. 530, original italics.) Thus, the court may not strike a sentencing allegation "solely 'to accommodate judicial convenience or because of court congestion[' citation, or] simply because a defendant pleads guilty. [Citation.] Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his [or her] present offenses,' and other 'individualized considerations.' [Citation.]" (*Id.* at p. 531.)

The Supreme Court later explained "the 'concept' of 'furtherance of justice' within the meaning of Penal Code section 1385[, subdivision] (a) [which *Romero* had recognized as being] ' "amorphous." ' [Citation.]" (*People v. Williams* (1998) 17 Cal.4th 148, 159 (*Williams*).) Our high court noted that in deciding whether to dismiss a strike " 'in furtherance of justice' pursuant to Penal Code section 1385[, subdivision] (a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.) The

4

sentence to be meted out to the defendant "is also a relevant consideration . . . in fact, it is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences. [Citation.]" (*People v. Garcia* (1999) 20 Cal.4th 490, 500.) If the court strikes or dismisses one or more prior conviction allegations, its reasons for doing so must be stated in an order entered on the minutes. (*Ibid.*) Conversely, the trial court has no obligation to set forth its reasons for deciding *not to* strike or dismiss prior strikes. (*In re Large* (2007) 41 Cal.4th 538, 546, fn. 6; see also *In re Coley* (2012) 55 Cal.4th 524, 560.)

The granting of a *Romero* motion is "subject to review for abuse of discretion. This standard is deferential. [Citations.] But it is not empty. Although variously phrased in various decisions [citation], it asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts. [Citations.]" (*Williams*, *supra*, 17 Cal.4th at p. 162; see also *People v. Garcia*, *supra*, 20 Cal.4th at p. 503.) And this abuse of discretion standard also applies to appellate review of the denial of *Romero* motions. (*People v. Carmony* (2004) 33 Cal.4th 367, 374-376 (*Carmony*); see also *id.* at p. 375: " 'Discretion is the power to make the decision, one way or the other.' ") It is the defendant's burden as the party attacking the sentencing decision to show that it was arbitrary or irrational, and, absent such showing, there is a presumption that the court " ' "acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.]" (*Id.* at p. 377.) Such a discretionary decision " ' "will not be reversed merely because reasonable people might disagree." ' " (*Ibid.*)

Placing in context the circumstances under which a court properly exercises its discretion in granting a *Romero* motion, the Supreme Court has explained: "[T]he [T]hree [S]trikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence

5

that conforms to these sentencing norms is both rational and proper.  [¶] In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he [or she] squarely falls once he [or she] commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Ibid.*)

B.     *Defendant's* Romero *Motion*

Defendant argued below that the court should dismiss the prior strike allegation under *Romero*, after giving consideration to "the nature of the present offense, along with the equity of the ultimate sentence in light of other individualized considerations, including the interests of [defendant] and society as a whole."[5]  He contended that his current offenses were neither serious nor violent, and were "considerably less serious than the earlier strike prior conviction[]."  Defendant emphasized that he took responsibility for his crimes by pleading no contest to them.

Defendant also argued that there were various extenuating circumstances in his background and personal history, including his drug addiction and alcohol abuse; two instances of childhood sexual abuse by a family member; the trauma of his parents' having divorced when he was eight years of age; the fact that his mother had drug abuse

---

[5] We observe in passing that in making this argument in his written *Romero* motion, defendant omitted any reference to the court's consideration of one of the three relevant factors the court must balance in deciding a *Romero* motion, namely, the nature and circumstances of the prior strike offense.  (See *Carmony*, *supra*, 33 Cal.4th at pp. 378-379)  And his motion makes no reference to that strike prior, other than an oblique reference to having suffered from depression during his incarceration for the arson conviction.

6

issues; and his having endured physical abuse from his mother. He also indicated in his motion that he had begun using crack cocaine when he was 12 years old, and had begun using marijuana, LSD, and methamphetamine when he was 13 years old. And he had begun consuming alcohol heavily when he was 19 years old. Defendant stated that "through the help of recovery programs, . . . [he] has been able to maintain his sobriety . . . [and] is committed to maintaining his sobriety and will seek out a drug rehabilitation program to support his sobriety when he is released."

Defendant acknowledged in his *Romero* motion that he has "a lengthy psychiatric history." As a result of receiving psychiatric treatment during a prior incarceration,[6] "he was diagnosed with Psychotic Depressive Disorder, Post Traumatic Stress Disorder ('PTSD'), and mental disability." He has been prescribed various medications for these mental health issues.

Defendant identified positive aspects in his life, including that he "has had stable employment. Most notably, he worked at A&A Distribution trucking company."[7] Defendant also indicated that he had become a certified truck driver, had graduated from Santa Clara County's Roadmap to Recovery Program, had been able to stay sober and find employment, and had the loving support of an extended family.

The People argued in their written opposition that the facts underlying "defendant's prior convictions include[d] extreme violence, repeated domestic violence, repeated auto theft, repeated residential burglaries, and repeated resisting arrest." The

---

[6] The date of the incarceration when this diagnosis occurred is unspecified in defendant's motion. Because defendant has suffered multiple incarcerations dating back to 1994, we are unable to determine from his motion whether the diagnosis occurred while defendant was in his early 20's or late 30's, or some period in between.

[7] Defendant did not indicate any specifics in the motion, such as dates, to support his contention that he has had stable employment. The probation officer indicated in her report that defendant had worked at A&A Distribution from October 2010 through January 2011.

opposition detailed the August 1995 arson incident,**8** indicating that defendant had physically abused his ex-girlfriend, had pointed a gun at her and her children, and had threatened her life, stating, " 'I'm gonna get you, I'm gonna burn you and your apartment.' " His ex-girlfriend feared for her life and moved her children to a relative's home. The same night, defendant threw a firebomb through an open window of her home, while two co-renters were sleeping in it. The firebomb caused major damage. After defendant returned to the area that night and was spotted by police, he fled in a stolen car with stolen license plates. A high-speed chase on city streets ensued that included a police helicopter. Speeds of up to 100 miles were reached. Defendant crashed through the gate of a private school. At one point aimed his car directly at a sheriff's vehicle. He ultimately crashed into a home. After giving chase on foot, the peace officers apprehended defendant; six officers were required to subdue him. There was evidence that when he returned to his ex-girlfriend's home the same night after firebombing it, he was in possession of materials to create a second firebomb.

The People also emphasized defendant's criminal history and his performance on parole and probation. They noted, based upon the probation report, that defendant had been "on parole at the time he committed the current offenses, [his] probation had been recently revoked three times, he [had] committed domestic violence while on parole (and had never registered for his domestic violence class), and had seven felony priors and

---

**8** The probation report contained no information about the facts underlying defendant's prior strike conviction. The probation officer indicated that she had made a request for the case file, but that it had not been received at the time of the report's preparation. The source material of the details underlying the arson conviction as described by the People is uncertain; however, defendant did not object below, nor does he object here, to the People's recitation of the matter. We therefore consider the facts underlying the prior strike conviction as recited by the People as uncontroverted. (See *Carmony*, *supra*, 33 Cal.4th at p. 377 [defendant bears burden of showing trial's court's sentencing decision was arbitrary or irrational].)

seven misdemeanor priors." The People also argued that defendant, in reality, had three prior strike offenses. Besides the arson conviction, he had two prior first degree burglary convictions in 1991 and 1996. The People advised that it was only due to the age of the prior strikes that they had elected to charge defendant with only one of the three strike priors in this case.

At the hearing on the *Romero* motion, defense counsel reiterated that defendant's more recent history, including the current crimes, involved "a decreasing level of criminality." Defense counsel also argued that defendant's strike offense was remote. The People reiterated the egregious nature of the prior strike offense and that defendant had been convicted previously of two uncharged strikes. The People concluded that, when all factors were considered, defendant could not be considered to be outside the spirit of the Three Strikes law.

The court denied defendant's *Romero* motion. It noted that it had considered the nature and circumstances of the current crime and the prior strike offense, and the particulars of defendant's background, character, and prospects, as required under the law. The court also indicated that it had considered defendant's mental health issues and his substance abuse problems, his prior convictions for seven felonies and seven misdemeanors, and the fact that he had been imprisoned on three separate occasions. It concluded that defendant did not "fall outside of the spirit of the [T]hree [S]trikes [L]aw in whole or in part."

C.    *Discussion Regarding Denial of* Romero *Motion*

Defendant argues that he "made a convincing case that he was outside the spirit of the Three Strikes Law based upon the remoteness of [his] prior strike, as well as pertinent factors related to the circumstances of the offenses and his future prospects." He asserts that "the trial court's denial of *Romero* relief was premised on an error or omission which renders the court's denial of *Romero* relief a prejudicial abuse of discretion." He contends that the trial court's "complete omission of [consideration of defendant's]

9

sobriety and future prospects which place him outside the Three Strikes law" constituted an abuse of discretion.

As noted, the court must determine from a review of the relevant factors whether there are " 'extraordinary' " circumstances such that the defendant, a " 'career criminal[,] can be deemed to fall outside the spirit of' " the Three Strikes law.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  The court, in considering the *Romero* motion, was obliged to consider the three factors identified by the high court in *Williams*, namely, "[1] the nature and circumstances of [defendant's] present felonies[, 2 the nature and circumstances of defendant's] prior serious and/or violent felony convictions, and [3] the particulars of [defendant's] background, character, and prospects . . . ." (*Williams*, *supra*, 17 Cal.4th at p. 161.)  Our review of the record shows that the court considered each of these factors in concluding that this case did not present extraordinary circumstances warranting the court's dismissal of the prior strike.

Concerning the first factor (current offense), the fact that the crimes were serial in nature—four in the span of less than a month—is noteworthy.  The fact that the current offense was nonviolent does not mandate the granting of the *Romero* motion.  (See *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [reversing order granting *Romero* motion which was based in part on nonviolent nature of current offense; "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law"]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 108 [even though current crime, failing to register as a sex offender, was nonviolent, denial of *Romero* motion not an abuse of discretion]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321 [although current crime of car theft "not as serious as many felonies," it was "far from trivial"].)

Addressing the second factor in *Williams*, the prior strike offense was an arson occurring in August 1995, a crime consisting of "an act of violence that is likely to cause harm to more than one person." (*People v. Clark* (1990) 50 Cal.3d 583, 637.)  Defendant had previously threatened his ex-girlfriend by pointing a gun at her and her children.  He

10

had also threatened her life, stating, " 'I'm gonna get you, I'm gonna burn you and your apartment.' " He followed up on this threat of violence by throwing a firebomb at night through an open window of his ex-girlfriend's home. Two co-renters were sleeping there at the time. The firebombing of the structure caused major damage. Defendant not only endangered the lives of his ex-girlfriend and her two co-renters; he also threw the firebomb knowing that his ex-girlfriend had children.[9] He then engaged the peace officers in a high-speed chase on city streets, thereby endangering officers and innocent bystanders. And it was determined that defendant, after firebombing the home and leaving, returned to the scene with materials to create and activate a second firebomb. Thus, the circumstances of the prior strike offense were egregious and showed a high level of violence and callousness.

Consideration of the third factor enunciated in *Williams*—"the particulars of [defendant's] background, character, and prospects" (*Williams*, *supra*, 17 Cal.4th at p. 161)—does not favor dismissal of the strike. Defendant's criminal history was fairly extensive. Prior to the four current felonies, defendant had been convicted of seven felonies and seven misdemeanors. The prior felony convictions consisted of two vehicle thefts (in 1992 and 1996 [Veh. Code, § 10851, subd. (a)]); two first degree burglaries (in 1991 [§§ 459, 460.1] and 1996 [§§ 459, 460, subd. (a)]); arson of an inhabited building (in 1996 [§ 451, subd. (b)]); reckless evasion of a peace officer (in 1996 [Veh. Code, § 2800.2]); and being a prisoner in possession of a weapon (in 1998 [§ 4502, subd. (a)]).[10] He had received and served prison sentences for three of the felony convictions. As noted by the People, three of these felonies were strike offenses. Of the misdemeanor

---

[9] Because defendant's ex-girlfriend believed his prior threat, she had moved her children to a relative's home before the firebombing incident.

[10] The record is somewhat unclear concerning the misdemeanor convictions. Although the court indicated there were seven misdemeanor convictions, the record appears to indicate there were eight.

11

convictions, three involved crimes of violence (i.e., battery [§ 242], infliction of corporal injury on a spouse or cohabitant [§ 273.5], and battery of a spouse or cohabitant [§§ 242, 243, subd. (e)]).

Additionally, defendant was on parole when he committed the current offenses, and there were three instances in an approximate six-month period before the commission of the current offenses in which his probation was revoked and later reinstated. As described by the probation officer, who had spoken to defendant's parole agent: "Agent Rodriguez . . . stated the defendant has sustained 7 Parole Violations in a 2-year span for not being in compliance with terms of Parole and for new law violations. She described his overall performance on Parole as bad." Also, while on parole, defendant had committed an act of domestic violence—battery on a spouse or cohabitant (§§ 242, 243, subd. (e))—of which he was convicted in June 2011. The victim in that case was different from the one involved in the 1995 arson. Defendant received probation and was ordered to complete a domestic violence program, but as of the time of his arrest for the current offenses, he had not enrolled in such program. Obviously, defendant's recidivism and multiple parole and probation violations demonstrate that he had not learned from his mistakes. (See *Williams*, *supra*, 17 Cal.4th at p. 163 [noting that multiple convictions prior to the present offense indicated that the defendant " 'had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson' "].)

In addition to defendant's criminal history, it is clear that the court considered other aspects of defendant's background, including his drug dependence and his mental health history. Based upon the record before us, defendant had a minimal history of employment—the record shows that he had worked for a four-month period with A&A Distribution from October 2010 through January 2011. And the probation officer indicated that "[o]verall, [defendant's] character and prospects appear to be unfavorable."

12

Defendant argues that the trial court abused its "discretion based on the its [*sic*] complete omission of [defendant's] sobriety and future prospects which place him outside the Three Strikes law, as [defendant] does not represent a danger to society based upon his past strike or current theft offenses. [*Sic.*]" He argues that the court erred because it "barely paid any attention to the positive evidence of [defendant's] background and commitment to sobriety and mental health treatment." He argues that the evidence he submitted concerning "his commitment to sobriety, his mental health and substance abuse treatment, and his efforts to maintain steady employment," together with a "lack of recent violent offenses, all tend to place [defendant] squarely outside the Three Strikes Law."

The court recited on the record the correct *Romero* standard, namely that in deciding whether to exercise its discretion to dismiss the strike prior, it was required to "consider whether in light of the nature and circumstances of his present felony and prior strike and the particulars of his background, character and prospects, the defendant may be deemed outside the spirit of the [T]hree-[S]trikes law in whole or in part." It also indicated that it had "reviewed and considered all of the factors that would be favorable to [defendant]." It found, "[i]n view of the totality of the circumstances," that defendant did not fall outside the spirit of the Three Strikes law.

Defendant, in effect, contends that, because the court did not specifically articulate on the record all of the specific aspects of defendant's background, character and life experience it considered in connection with his motion—including those factors which he believes supported favorable consideration of his *Romero* motion[11]—the court

---

[11] We acknowledge that certain aspects of defendant's background and prospects appeared positive. But defendant's "commitment to sobriety" was based only on an assertion in the written *Romero* motion. He acknowledged to the probation officer that he had a "problem with alcohol and illegal substance abuse," but the probation report lists no information about defendant's efforts or commitment to overcome those issues. Similarly, his claimed "efforts to maintain steady employment" were based upon the

(continued)

13

necessarily failed to consider all relevant factors. But the law does not require the trial court to specify the reasons for denying a *Romero* motion. (*In re Large*, *supra*, 41 Cal.4th at p. 546, fn. 6; see also *In re Coley*, *supra*, 55 Cal.4th at p. 560.) And we will not infer that the court failed to give adequate consideration to all relevant factors that were enunciated by our high court in *Williams* where there is no showing of such failure in the exercise of the court's discretion. "Where the record is silent [citation] 'in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable.' " (*Carmony*, *supra*, 33 Cal.4th at p. 378, quoting *People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.) Thus, the trial court's denial of defendant's *Romero* motion without expressly addressing the factors cited by defendant does not support defendant's contention that the trial court relied upon improper factors or failed to consider salient factors. (*Carmony*, at p. 378.)[12]

The court, after giving due consideration to the specifics of the current offense, the nature of the prior strike offense, and defendant's background (including his criminal record), character and prospects, properly concluded that defendant did not fall outside of the letter and spirit of the Three Strikes sentencing scheme. (See *People v. Philpot* (2004) 122 Cal.App.4th 893, 906-907 [court properly considered the defendant's history of continuously committing crimes for 20 years, his underlying drug addiction, and the

conclusory statement in his motion that he "has had stable employment," referencing his work at A&A Distribution. That job, according to the probation report, lasted for four months, and there is no other indication in the record concerning defendant's claimed efforts to achieve stable employment.

[12] Defendant notes that the probation officer supported the granting of *Romero* relief. But that recommendation was apparently without the probation officer's having any information about the prior strike; thus, it was not based upon consideration of all three factors that must be considered by the court in deciding whether to exercise its discretion to dismiss a prior strike. (*Williams*, *supra*, 17 Cal.4th at p. 161.) Furthermore, the court has no obligation to follow the probation officer's sentencing recommendations. (See *People v. Superior Court* (*On Tai Ho)* (1974) 11 Cal.3d 59, 66 ["the court does not simply rubber-stamp the recommendation of the probation report"].)

prior and current offense as indicative of his poor future prospects and that, as "a flagrant recidivist," he was not outside the spirit of the Three Strikes law].)  The circumstances presented by defendant here are not " 'extraordinary.' "  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  The court's ruling did not " 'fall[] outside the bounds of reason' under the applicable law and the relevant facts.  [Citation.]"  (*Williams*, *supra*, 17 Cal.4th at p. 162.)  Therefore, we find that the court did not abuse its discretion in denying defendant's *Romero* motion.

DISPOSITION

The judgment is affirmed.


_____
        Márquez, J.


WE CONCUR:


_____
Rushing, P.J.


_____
Premo, J.